IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAILEN HERR, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-6686 |
| : | |
| LANCASTER COUNTY PRISON, : | |
|     Defendant. : | |

**MEMORANDUM**

**HODGE, J.**                                                                         **FEBRUARY 19, 2025**

Plaintiff Cailen Herr ("Plaintiff"), a convicted and sentenced prisoner currently incarcerated at Lancaster County Prison ("LCP"), brings this civil action pursuant to 42 U.S.C. § 1983 based on allegations that he was subjected to an invalid misconduct and unlawfully punished. (*See* ECF No. 2 ("Compl.").) Plaintiff also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Plaintiff leave to proceed *in forma pauperis* and dismiss his Complaint upon screening.

**I.     FACTUAL ALLEGATIONS**[1]

Briefly stated, Plaintiff contends that he was "unlawfully punished" during his "entire time in LCP," and was "unlawfully put in the hole." (Compl. at 5.) He alleges that November 13, 2024 was the date of the misconduct, and he was "sent to the hole/G-2 RHU" on November 18, 2024. (*Id.* at 4.) Plaintiff contends that "zero evidence was provided to prove [him] guilty." (*Id.*)

---

[1] The facts are taken from Plaintiff's Complaint, which consists of a prisoner complaint form for use when asserting a violation of civil rights. The Court adopts the pagination supplied by the CM/ECF docketing system.

Plaintiff also avers that while he was using the bathroom inside his cell on November 12, 2024, Correctional Officer Casadani slammed Plaintiff's cell door and locked him in but kept the "other doors open." (*Id.* at 5.) When Plaintiff questioned why his door was shut, Casadani allegedly responded, "Suck my dick, fill out whatever paperwork you need to." (*Id.*) Plaintiff asserts that he "filled out supervisor request and grievances forms for what happened," but was allegedly punished even though he has a "right to protect [his] safety and report staff misconduct."[2] (*Id.*)

Plaintiff asserts that he has suffered various emotional injuries, and he seeks monetary damages for the alleged unlawful punishment and segregation. (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the

---

[2] Plaintiff also alleges that a "PREA was filed on CO Casadani" between June and July. (Compl. at 4.) It appears by this allegation that Plaintiff may be referring to a complaint filed pursuant to the Prison Rape Elimination Act. Because Plaintiff does not provide any further detail as to the alleged PREA complaint, the Court is unclear as to how it relates, if at all, to the allegations in the instant Complaint.

[3] Because Plaintiff is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

### III.   DISCUSSION

Plaintiff brings his constitutional claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To establish individual liability in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each individual defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Although the Complaint alleges facts about the actions of individuals, LCP itself is the only party named as a Defendant in the Complaint. (*See* Compl. at 1-2.) However, there is no legal basis for claims against LCP because a prison is not a "person" under § 1983 and therefore is not subject to liability under the statute. *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976)); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009). Accordingly, the Court will dismiss all claims asserted against LCP because it is not a proper defendant under § 1983.[4]

---

[4] Although Plaintiff's Complaint fails to name any proper defendants for purposes of § 1983 liability, his conclusory allegations of "unlawful punishment" would also be insufficient to state a claim against any defendant. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In the prison context, "[d]ue process protection for a state created liberty interest is . . . limited to those situations where deprivation of that interest 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "[C]onfinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest." *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (quoting *Sandin*, 515 U.S. at 486).

In deciding whether conditions are atypical and significant for purposes of establishing a liberty interest, a court must consider "(1) the duration of the challenged conditions; and (2) whether the conditions overall imposed a significant hardship in relation to the ordinary incidents of prison life." *Williams v. Sec'y Pennsylvania Dep't of Corr.*, 848 F.3d 549, 560 (3d Cir. 2017). In determining whether a hardship is atypical or significant, the relevant comparator is the general population. *Id.* at 564. Further, "the filing of a fraudulent misconduct report and related disciplinary sanctions do not without more violate due process," *Seville v. Martinez*, 130 F. App'x 549, 551 (3d Cir. 2005) (*per curiam*), as "[d]ue process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff leave to proceed *in forma pauperis* and dismiss his Complaint. Considering Plaintiff's *pro se* status, he will be given the option of filing an amended complaint in the event he can name a proper defendant and plead additional facts to cure the defects in his claims. An appropriate Order follows, which offers additional guidance on amending to the extent Plaintiff wishes to do so.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**KELLEY BRISBON HODGE, J.**

---

reports," *Thomas v. McCoy*, 467 F. App'x 94, 97 (3d Cir. 2012) (*per curiam*); *see also Smith*, 293 F.3d at 654 ("[S]o long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim."). A convicted prisoner cannot state a claim based on the filing of false disciplinary charged against him where he has received a hearing where he could rebut the charges. *See, e.g.*, *Talley v. Griesmer*, No. 19-3796, 2023 WL 3002742, at *2 (3d Cir. Apr. 19, 2023) (*per curiam*) ("The filing of false disciplinary charges does not violate the Constitution as long as the inmate was granted a hearing and an opportunity to rebut the charges.").